1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11  FRANCO MACIAS, et al.,

12           Plaintiffs,

13       v.

14  CITY OF DELANO, et al.,

15           Defendants.

16

Case No.: 1:18-CV-01634 - DAD - JLT

ORDER DENYING STIPULATION TO AMEND
THE CASE SCHEDULE
(Doc. 32)

17       Counsel for the parties have stipulated to amend the case schedule (Doc. 32).  They assert

18  only that the COVID-19 pandemic is occurring and "there is simply no way the parties can

19  complete discovery and other requirements of this case under the current schedule." Id. at 2.  This

20  is a conclusion, not a fact.  Indeed, counsel have failed to provide any explanation why they have

21  not completed discovery in this case.[1] Not to minimize the impacts of this situation, but the

22  pandemic alone does not explain the failure to complete non-expert discovery.[2]

23
24
25
26
27
28

---

[1] In February, the parties reported that they only had depositions to take to complete non-expert discovery (Doc. 31 at 2).  Counsel fail to explain the discovery they have completed since they filed the February status report, they fail to describe the discovery they need to complete, and they fail to detail why they could not complete the needed discovery.

[2]  The Court has been conducting all civil and criminal hearings, settlement conferences and all other proceedings via video conference for more than four months. The Court does not understand counsel's unwillingness to more quickly transition to this "new normal."  If the Court has managed to do it, it is difficult to fathom why counsel have been so stymied by proceeding in a non-traditional manner.

1

In addition, counsel have failed to explain why they waited until the day before the discovery deadline to seek an amendment to the case schedule. Notably, the scheduling order reads, "**No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend**." (Doc. 20 at 4, emphasis in the original.)  The order also reads, "**The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested**." Id. at 8, emphasis in the original.

The law is clear, that absent a showing of diligence the Court should not grant an amendment to the case schedule[3]. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992); Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999). Counsel have made no effort to demonstrate the exercise of diligence.  Therefore, the stipulation to amend the case schedule is **DENIED**.

IT IS SO ORDERED.

Dated:   __July 29, 2020__                       _____/s/ Jennifer L. Thurston_____
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] Finally, the suggestion that because this Court has declared a judicial emergency, this means that it can afford to allow cases to languish misses the mark.  The Court's scare judicial resources means it absolutely cannot allow cases to stagnate.