1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | |
|---|---|
| FRANCO MACIAS, et al., | Case No.: 1:18-CV-01634 - DAD - JLT |
| Plaintiffs, | ORDER DENYING EX PARTE APPLICATION TO AMEND THE CASE SCHEDULE[1] |
| v. | (Doc. 39) |
| CITY OF DELANO, et al., | |
| Defendants. | |

17        The plaintiffs have filed an ex parte request to amend the case schedule related to their

18   expert disclosure, made two months after the deadline for doing so.  (Doc. 39) While asserting that

19   the disclosure could not have been made until after the deposition of an incarcerated witness was

20   completed, the experts completed their reports up to a week *before* the deposition was taken.

21   Because the plaintiff fails to demonstrate good cause to amend the case schedule and seeks to

22   amend a deadline that has long since passed, the motion is **DENIED**.

23   **A.    Background**

24        On July 29, 2020, counsel filed a stipulation to amend the case schedule (Doc. 32).  The

25   Court denied the request because they failed to demonstrate good cause for the amendment and

26   because it was filed just two days before the discovery deadline. (Doc. 33) Counsel filed a new

27

28

---

[1] Likewise, the plaintiffs' request for a hearing on the "ex parte" request is **DENIED**. (Doc. 42; G.O. 618 ¶ 3) Morover, had the plaintiffs wished oral argument, they would not have filed an ex parte request.

stipulation on August 3, 2020, again asking the Court to amend the case schedule related to non-expert and expert discovery. (Doc. 36) Before the Court ruled on the stipulation, the plaintiff filed a motion to amend the case schedule to allow the deposition of an incarcerated third-party witness, Peter Garnicas (Doc. 37). The motion did not mention expert discovery and it was filed a week after expert disclosures were to have been made (Doc. 20 at 3; Doc. 37) Because the stipulation failed to explain why deadlines related to experts needed to be extended and because plaintiff's motion did not mention expert discovery, the Court denied the stipulation but amended the case schedule on its own motion to the extent that it allowed non-expert discovery to occur through November 6, 2020 (Doc. 38). The Court did not extend any other deadlines.

The plaintiff served his expert disclosure on November 9, 2020, five days after completing the deposition of Peter Garnicas. (Doc. 39-1 at 3) The disclosure package contained the reports of the plaintiffs' experts. (Doc. 39-1 at 5-112)   Ernest Burwell, who specializes in police practices, completed his report on October 27, 2020—eight days *before* the deposition of Peter Garnicas. (Doc. 39-1 at 9-92) Though Mr. Burwell mentions Mr. Garnicas[2], he does not complain that he needs this testimony before preparing his report.  Doc. 39-1 at 11. Rather, Mr. Burwell relies heavily on the video of the events taken from the dashcams in the law enforcement vehicles. Id. Far from explaining a need for Mr. Garnica's testimony, Mr. Burwell notes that Mr. Garnicas left the scene and entered his home before the actual shooting of the decedent. Id. at 28.

The plaintiff also included a report from Gregg Stutchman an "forensic analyst expert." (Doc. 39-1 at 92-112) Like Mr. Burwell, Mr. Stucthman completed his report *before* the deposition of Mr. Garnicas occurred. Id. Mr. Stucthman dated his report October 30, 2020. Id. at 92. Mr. Stucthman notes that his assignment was "to conduct forensic enhancement/clarification of two dash cam videos of the incident in this case, and to conduct authenticity analysis of both videos." Id. at 93. Toward this end, he considered only the two dashcam videos from the police vehicles. Id. at 96. Indeed, plaintiff's counsel *only* provided him these videos and the proprietary player needed to view the videos. Id. at 93. Counsel did not provide him any statements or deposition testimony provided by any witness or party. Id. Mr. Stucthman offers no analysis of the events which are

---

[2] He refers to the witness as "Peter Garnica."

1   depicted on the videos, but, instead, finds that the videos are authentic and that neither has an

2   audio track. Id. at 96.

3       **A.      The motion fails to demonstrate good cause for the delay in the expert**

4   **disclosure**

5       As noted above, the claims of plaintiffs' attorney, that both experts needed the deposition

6   of Mr. Garnicas before forming their opinions and writing their reports, is clearly untrue.  Mr.

7   Stuchman was never asked to consider any statements made by anyone, and to analyze *only* the

8   videos provided by the defendants. Likewise, Mr. Burwell did not even comment upon the lack of

9   deposition testimony from Mr. Garnicas[3] and, instead, noted that Mr. Garnicas was not present at

10  the time of the shooting.  Most concerning is that both experts prepared their reports and signed

11  them under penalty of perjury upwards of a week before the deposition of Mr. Garnicas occurred.

12  Had this deposition testimony been so crucial to their opinions to the extent that the opinions could

13  not be formed as the plaintiffs' counsel claims, the Court is at a loss to comprehend how then, they

14  completed their reports and, despite the completion of the Garnicas deposition, neither expert

15  received a copy of the transcript.

16      Of further concern is the fact that the plaintiff's attorneys claim that they believed that

17  expert disclosures would not occur sometime near in time to the 2021[4] trial date. They offer no

18  explanation why they had this belief, except to note that defense counsel had stipulated to amend

19  the case schedule. (Doc. 39 at 4) This claim makes little sense because the Court refused the

20  stipulation and ultimately allowed only additional non-expert discovery time on its own motion.

21  (Doc. 38) Moreover, *had* the Court granted the stipulation, this would have made expert

22  disclosures due on November 2. The plaintiff did not make his disclosure until a week after that.

23  (Doc. 39-1 at 3) There can be no claim that the disclosure was a timely rebuttal disclosure, because

24  the opinions address elements of the plaintiff's case-in-chief and are not proper matters for rebuttal

25  _____

26  [3] He notes that he reviewed Mr. Garnicas statement. (Doc. 39-1 at 31)
    [4] The plaintiffs' counsel seems to assert that despite the Court's order that required expert disclosure on September 1,

27  2020, counsel decided that they would develop their own schedule. Rule 26 *requires* compliance with the Court's
    scheduling order; not with a schedule that counsel devise. Fed. R. Civ. P. 26(a)(2(D) ["A party must make these

28  disclosures at the times and in the sequence that the court orders."] In short, the plaintiffs' counsel seem to suggest that
    because they disobeyed the Court's orders, the Court should now reward the disobedience by adopting an even more
    expanded schedule than the Court had previously refused.

evidence. Fed.R.Civ.P.26(a)(2)(D)(ii) [Rebuttal expert evidence is that which "is solely to contradict or rebut evidence on the same subject matter identified by another party."]

Even had plaintiffs' counsel's really believed that the expert disclosures would not occur until sometime near to the trial—and the Court does not accept that this is counsel's belief—when the defense timely served its expert disclosure, this should have alerted the plaintiffs that the defense had no intention of deviated from the Court's orders and it should have alerted them that the disclosure was due. Any suggestion that it did not do this, is wholly ludicrous.

Likewise, the Court disagrees that the plaintiffs' counsel "are without fault." The Court explicitly and expressly found that plaintiffs' counsel had not acted diligently in discovering the case. (Doc. 33) It refused to extend any deadline except to allow the deposition of Peter Garnicas. (Doc. 38) Despite this, plaintiffs' counsel ignored the Court's orders, and this current motion makes clear they simply decided that the Court's order should be disregarded. Counsels' decision to not make a timely expert disclosure was a willful and considered act. It was not neglect.

Of greatest concern to the Court is the clear lack of candor in the plaintiff's motion. The plaintiffs' counsel repeatedly asserts that the experts needed the testimony of Peter Garnicas before they could render their opinions. As demonstrate above, this is palpably untrue. Mr. Stucthman's opinions have nothing to do with the account of any witness, and, indeed, counsel did not provide him any such statements to consider. Likewise, Mr. Burwell not only *could* form his opinions without the testimony of Mr. Garnicas, but he plainly did so. The Court is left with only one conclusion; plaintiffs' counsel has been willfully untruthful with the Court as to the reasoning for failing to timely disclose experts. Thus, the Court has no basis upon which to find that the plaintiffs' counsel acted with substantial justification.

Also, the Court finds that the plaintiffs' counsel's conduct is not harmless. The defendants timely disclosed their experts. Due to the plaintiffs' thumbing their noses at the Court's orders, the plaintiffs' experts gained the advantage of reviewing and digesting the opinions formed by the defense experts and countering them in their original reports. This prejudices the defense. As pointed out, the defendants would have to require their experts to revise their opinions in light of those expressed by the plaintiffs' experts and to retain another expert to rebut the newly provided

4

opinions. (Doc. 43 at 6) Finally, the current schedule could not accommodate these new actions, and the entire remaining schedule would have to be revised. All of this would be required *only* because plaintiffs' counsel willfully refused to follow the Court's order. The Court cannot and will not tolerate this conduct.

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3).  In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery."  Id.  Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).  As such, a scheduling order is "the heart of case management."  Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).

A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  Johnson, 975 F.2d at 610.  According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent.  Fed. R. Civ. P. 16(b).  In Johnson, the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end.

Johnson, at 609.  Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608, emphasis added.

Moreover, seeking an extension of time before the deadline has expired is required.  Local

Rule 144(d) reads,

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. **Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor.**

Emphasis added.  This Court has held that the failure to seek an extension as to any deadline in the scheduling order well before the date passes is a basis for denying the requested amendment. In Hardy v. County of El Dorado, 2008 WL 3876329, at *1 (E.D. Cal. Aug. 20, 2008), the Court rejected a motion to extend the discovery cut-off, filed three days before the discovery cut-off, for lack of diligence. The Court held, "Indeed, requesting the Court to modify the Scheduling Order to extend the discovery cut-off date three days before the deadline does not constitute diligence." Thus, requesting to modify a deadline that passed more than two months before the motion, is not diligence.

The law is clear, that absent a showing of diligence the Court should not grant an amendment to the case schedule[5]. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992); Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999). Plaintiffs' counsel have not demonstrated that they acted diligently.  Rather, they *decided* not to comply with the Court's orders related to expert discovery.  Having decided not to comply with the Court's orders, they cannot now complain about the consequences of that decision.  Moreover, this motion was filed about two weeks *after* the expiration of the expert discovery period and more than two months after the deadline to disclose experts. Thus, the ex parte request to amend the case schedule is **DENIED** and the Court finds the expert disclosure was not timely, was delayed without substantial justification, was not harmless, and curing this willful conduct would require the entire case schedule to be revised.

IT IS SO ORDERED.

Dated:   __**December 12, 2020**__          _____**/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE

---

[5] Seemingly, the plaintiffs seek an order that Rule 37 sanctions does not apply.  The Court **DENIES** that request.