UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCO MACIAS, *et al*.<br><br>            Plaintiffs,<br><br>     v.<br><br>City of Delano., *et al*.<br><br>            Defendants. | Case No. 1:18-cv-01634-ADA-CDB<br><br>ORDER REQUIRING PLAINTIFFS TO SUBMIT SUPPLEMENTAL BRIEFING ON EX PARTE APPLICATION FOR APPROVAL OF MINOR'S COMPROMISE<br><br>(Doc. 79)<br><br>**14-DAY DEADLINE** |

Pending before the Court is minor Plaintiff M.M.'s ex parte application for approval of minor's compromise for Plaintiff M.M, filed April 25, 2023. (Doc. 79). Plaintiff M.M. brings this application through her parent and guardian ad litem, Esmerelda Valbovinos ("Valbovinos"). (Docs. 8, 79 at 2).

**Background**

On December 31, 2017, at approximately 9:00 a.m. in Delano, California, Delano Police Officer Pedro Mendoza shot and killed decedent Ernie Macias, M.M.'s biological father, while he sat in a stationary vehicle. (Doc. 26 at ¶¶ 19-21). On November 28, 2018, Plaintiffs Franco Macias and M.M. filed a complaint alleging civil rights and state tort claims. (Doc. 1). On January 4, 2019, the Court issued an order appointing Valbovinos as M.M.'s guardian ad litem. (Doc. 8). On September 10, 2019, Plaintiffs filed the now operative, first amended complaint ("FAC"). (Doc. 26). Plaintiffs'

FAC asserts civil rights and tort claims under: (1) 42 U.S.C. § 1983, (2) C.C.P. §§ 377.60-61, and (3) Cal. Civil Code 52.1.  (Doc. 26 at ¶¶ 33-79).

On January 5, 2021, Defendants filed a motion for summary judgment.  (Doc. 48).  On January 20, 2021, Plaintiffs filed an opposition and Defendants filed a reply on January 25, 2021.  (Docs. 50-51).  On June 27, 2022, the Honorable District Judge Dale A. Drozd issued an order denying Defendants' motion for summary judgment.  (Doc. 64).  By agreement of the parties, Plaintiffs' denial of medical care and *Monell* claims were dismissed along with Defendant City of Delano.  *Id*. at 30.

On March 22, 2023, the parties filed a notice of settlement pending approval of minor's compromise.  (Doc. 74).  Thereafter, Plaintiff M.M. through her guardian ad litem filed the instant ex parte application for minor's compromise on April 25, 2023.  (Doc. 79).  The total settlement of the case is in the amount of $250,000.00, including all costs and attorney's fees.  *Id*. at 2.  The parties have agreed Plaintiff M.M.'s gross settlement shall be $150,000.00 (60% of the total settlement).  *Id*.

From the balance of the $150,000.00 gross settlement, the application requests a deduction of $49,950.00 (33% of Plaintiff M.M.'s gross settlement), pursuant to the contingency fee agreement in this case.  *Id*.  Further, the application requests Plaintiff M.M. bear 60% of the total $15,587.50 in ligations costs, $9352.50, incurred by her counsel in this action.  *Id*.  Plaintiff M.M.'s ex parte application lists Plaintiff M.M.'s net settlement in the amount of $90,697.50.  *Id*. at 3.  The parties have agreed that Defendant shall arrange for the purchase of a tax-free structured settlement annuity policy to disburse Plaintiff M.M.'s net settlement.  *Id*.

**Legal Standard**

District courts have a special duty to safeguard the interests of litigants who are minors. Federal Rule of Civil Procedure 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).[1]

---

[1] The Ninth Circuit has made clear that its standards apply in federal question cases. *Robidoux*, 638 F.3d at 1179 n.2.  Moreover, district courts within the Ninth Circuit have concluded that federal

The Local Rules for this district provide that "[n]o claim by or against a minor…may be settled or comprised absent an order by the Court approving the settlement or compromise." L.R. 202(b). Under the circumstances of this case, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 202, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

L.R. 202(b)(2). "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c). Local Rule 202 also provides guidelines regarding the disbursements of money to minors:

> Money or property recovered on behalf of a minor will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor.

L.R. 202(e). Additionally, the Court must consider if the "net amount distributed to [the] minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82.

**Discussion**

The Court must first consider whether the application satisfies the requirements of Local Rule 202(b)(2). The application notes M.M. is seventeen years old, and the daughter of the decedent.

---

law applies to the entirety of a request to approve a minor's settlement in cases in which the district court exercises federal question jurisdiction and supplemental jurisdiction over additional state law claims. *See e.g.*, *A.G.A. v. County of Riverside*, No. EDCV 19-00077-VAP (SPx), 2019 WL 2871160, at *2 n.1 (C.D. Cal. April 26, 2019) (collecting cases).

(Doc. 79 at ¶¶ 3-4). The application identifies the claims to be settled: the minor's damages arising from the wrongful death of her father and damages for the violation of the Fourth and Fourteenth Amendments of the U.S. Constitution and California §52.1. *Id*. at ¶ 4.

The application also provides relevant background concerning this action, including the time, place, and persons involved. *Id*. at ¶ 5; (Doc. 79-1 at ¶¶ 2). The application states, "[Valbovinos] and her counsel have made a careful and diligent inquiry and investigation to ascertain the facts relating to the subject incidents, the responsibility therefore, and the nature and extent of injury to the minor plaintiff." (Doc. 79 at ¶ 8). The application confirms Valbovinos and counsel understand "minor plaintiff will be forever barred and prevented from seeking any further recovery of compensation as against all Defendants in this action, even if said minor's losses and injuries might in the future prove to be more serious than they are now thought to be." *Id*.

"[Valbovinos] recommends this compromise settlement to the Court as being, fair reasonable, and in the best interests of said minor plaintiff." *Id*. at ¶ 9. However, the application fails to disclose sufficient information "to enable the Court to determine the fairness of the settlement or compromise" (L.R. 202(b)(2)), such as the factors relevant to the parties' arrival at the compromise amount, information on the steps the parties took to obtain this settlement and the risks and costs of bringing this case through additional litigation or through trial. Therefore, the Court shall order supplemental briefing to address this issue.

The Court next considers whether the application satisfies the requirements of Local Rule 202(c). Here, the application specifies Plaintiff M.M. is represented by John L. Burris, DeWitt M. Lacy, Julia N. Quesada, and Lena P. Andrews. *Id*. at ¶ 7. The aforementioned attorneys represent "that they became involved in this case as the request of Plaintiffs, and have not received, and do not expect to receive, any compensation for their services in connection with this action from any person other than the parties whom they represent n this action." *Id*. The Court finds the application has met the requirements of Local Rule 202(c).

Next, the Court must determine whether the disbursement of the proposed settlement is appropriate pursuant to Local Rule 202(e). The application states two lump sum payments shall be disbursed to Plaintiff M.M. after she has turned 18. (Doc. 79 at ¶ 6). The Court finds the application's

4

proposed disbursement plan appropriate and in the interest of Plaintiff M.M.  *See Dumas v. City of Elk Grove*, No. 2:09-cv-01573-GEB-JFM, 2012 WL 2116390, *at 1 (E.D. Cal. June 6, 2012) (structuring payments to minors into fixed annuities in blocked accounts payable on eighteenth birthdays). Therefore, the Court finds the application has met the requirements of Local Rule 202(e).

The Court must also consider whether the terms and amount of settlement are fair and reasonable "in light of the facts of the case, the minor's specific claim and *recovery in similar cases*." *Robidoux*, 638 F.3d at 1181-82 (emphasis added).  The application fails to provide case authority citing examples of recoveries in similar cases demonstrating the suitability of the settlement amount here as contemplated by *Robidoux*.  Accordingly, the Court shall require supplemental briefing that includes supporting authority showing that the proposed compromise is fair and reasonable in light of recovery in analogous cases.  *See e.g. Vasquez v. City of Stanislaus*, No. 1:19-cv-01610-AWI-SAB, 2021 WL 1734364, at *2 (E.D. Cal. March 31, 2021).

Additionally, supplemental briefing shall be required concerning the proposed attorneys' fees to be awarded in connection with the representation of Plaintiff M.M.  The application states attorney fees for Plaintiff M.M. shall be 33.33% of her total gross recovery, in the amount of $49,950.00, pursuant to the contingency fee agreement in this case. (Doc. 79 at ¶ 6).  In this district, 25% of the recovery has been considered a reasonable benchmark for attorney fees in contingency cases involving minors.  *See e.g. L.M. v. Kern High School District*, No. 1:17-cv-01123-DAD-JLT, 2019 WL 1099983, at *3 (E.D. Cal. Mar. 8, 2019) (collecting cases).  Therefore, the Court shall order supplemental briefing to address why a 33.33% award as attorney fees in this case is reasonable.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that within 14 days of the date of entry of this order, Plaintiffs shall file a supplemental brief addressing the aforementioned issues raised in this order.

/ / /

/ / /

5

Upon receipt of the supplemental briefing the Court shall prepare and submit findings and recommendations to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.

IT IS SO ORDERED.

Dated:   **May 12, 2023**

_____
UNITED STATES MAGISTRATE JUDGE