UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCO MACIAS, *et al*.<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF DELANO, *et al*.<br><br>　　　　　Defendants. | Case No. 1:18-cv-01634-ADA-CDB<br><br>**ORDER EXTENDING TIME FOR PARTIES TO FILE DISPOSITIONAL DOCUMENTS**<br><br>(Doc. 85)<br><br>**14-DAY DEADLINE** |

On April 25, 2023, Plaintiffs filed an ex parte petition for an order of this Court approving a minor's compromise. (Doc. 79). In the petition, Plaintiffs represented that the parties "have reached settlement in this matter with the approval of the City of Delano City Council." (Id. ¶ 6). Plaintiffs also represented that Defendants would arrange for the purchase of a structured settlement annuity policy and execute a settlement agreement and assignment. (Id. ¶ 6e). At the Court's direction, on May 27, 2023, Plaintiffs filed a supplement to the petition. (Doc. 81). On May 31, 2023, the undersigned issued findings and recommendations (F&R) that the assigned district judge grant Plaintiffs' application for approval of minor's compromise (Doc. 82). After the period for filing any objections to the F&R had expired, on June 30, 2023, the assigned district judge approved the minor's compromise. (Doc. 83). Thereafter, the undersigned ordered the parties to file dispositional documents no later than August 2, 2023, pursuant to Local Rule 160(b). (Doc. 84).

1

Pending before the Court is Plaintiffs' request for a 30-day extension of time within which to file dispositional documents. (Doc. 85). Plaintiffs assert the parties are "working diligently to finalize the formalities" of the settlement but "the disbursement of funds is not yet complete." (Id. ¶ 6). Since it is clear from the pleadings that the parties have settled their respective claims, the claims are subject to dismissal under Federal Rule of Civil Procedure 41(a)(2) even though the parties have not yet entered a stipulated dismissal. This dismissal order could issue since "literal compliance with the stipulation requirement has not been required where the agreement of all parties is apparent." *Garber v. Chicago Mercantile Exchange*, 570 F.3d 1361, 1366 (Fed. Cir. 2009) (internal citation and quotations omitted). *Accord, Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986).

Awaiting disbursement of settlement funds is not an appropriate basis for delaying disposition of a federal question lawsuit that the parties have settled by agreement. "The normal remedy for a failure to abide by a settlement of federal litigation is a suit on the settlement contract. Such a claim arises under state law and must proceed in state court" unless the basis for federal jurisdiction was diversity. *Kay v. Board of Educ. of City of Chicago*, 547 F.3d 736, 737 (7th Cir. 2008). In other words, a federal question claim is "extinguished by the settlement and converted ... into a claim under a contract." *Id*. at 739.

The Court declines to order dismissal at this juncture as it is apparent the parties have worked diligently to reach a negotiated resolution of their claims. Although not clear from Plaintiffs' instant filing, the Court acknowledges that the parties' resolution involves a third-party annuity servicer which may implicate unavoidable delays in implementing the settlement. Accordingly, the Court will grant the parties 14 days to file an appropriate stipulation for dismissal.

For the foregoing reasons, IT IS HEREBY ORDERED the parties shall file dispositional documents no later than August 17, 2023.

IT IS SO ORDERED.

Dated:   **August 3, 2023**

UNITED STATES MAGISTRATE JUDGE